888 F.2d 127
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John H. HAMMONS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 89-3184.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1989.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 John H. Hammons seeks review of the Benefits Review Board's denial of black lung benefits. The Review Board upheld a decision by an administrative law judge that Hammons did not qualify for benefits because he had failed to establish that he was totally disabled. We find that the administrative law judge's decision was based on substantial evidence and therefore affirm the Benefits Review Board's denial of benefits.
 
 
 2
 A breathing test was administered to Mr. Hammons on December 28, 1983. The test produced a qualifying result (i.e., a result that qualified Mr. Hammons as "totally disabled" for the purpose of receiving black lung benefits). The administering physician made a note on the record of the examination that Hammons's "comprehension" of the test was "very poor" and that the results were therefore subject to question.
 
 
 3
 Arterial blood-gas tests were administered to Mr. Hammons on December 28, 1983 and May 9, 1984. The December test produced a non-qualifying result. In May, the test was administered twice, first at rest and then after exercise. The at-rest examination produced a qualifying result. The exercise examination produced a non-qualifying result.
 
 
 4
 Hammons contends that the qualifying breathing and arterial blood-gas tests created a presumption that he is totally disabled and that the ALJ did not have discretion to ignore the qualifying results because of the non-qualifying results.
 
 
 5
 The controlling case is Mullins Coal Company of Virginia v. Director, O.W.C.P., 484 U.S. 135, 108 S.Ct. 427 (1987). Mullins held that while a single positive test "may be sufficient to invoke the presumption" of total disability, it is not the case "that the presumption must be invoked whenever the record contains a single item of qualifying evidence." 108 S.Ct. at 438-39. (Emphasis in original.) In Mullins, the Court upheld the ALJ's examination of all the relevant evidence in determining whether a miner was totally disabled.
 
 
 6
 We hold that the ALJ in this case was not precluded from considering the evidence of the non-qualifying arterial blood-gas tests in December 1983 and May 1984, nor from discounting the value of the qualifying breathing test because of the questionable comprehension of Mr. Hammons in performing that test. Mullins permits an ALJ to consider all the relevant evidence. In doing so in this case, the ALJ found that Mr. Hammons did not qualify as totally disabled. The non-qualifying tests and the question raised as to the validity of the qualifying breathing test were sufficient to permit the ALJ to reach the conclusion that Mr. Hammons was not qualified for benefits. Therefore we affirm.